David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Leonard Joel Ceder,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **Experian Information Solutions, Inc., Synchrony Bank, and TD Bank USA,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair

**COMPLAINT**                                   1

the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. LEONARD JOEL CEDER ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), SYNCHRONY BANK ("Synchrony"), and TD BANK USA ("TD Bank") (or jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian is a corporation doing business in the State of Arizona.

13. Defendant Synchrony is business that provides credit services and conducts business in the State of Arizona.

14. Defendant TD Bank is a company doing business in the State of Arizona.

15. Defendants Synchrony and TD Bank are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary

**COMPLAINT**                                   3

course of business furnish information to a consumer credit reporting agency.

16. Defendant Experian is a national credit reporting agency, doing business in Arizona, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

18. At all times relevant, Defendants conducted business in the State of Arizona.

19. On or about October 16, 2014, Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the District of Arizona. Plaintiff's case was assigned Case Number 2:14-bk-15638-EPB (the "Bankruptcy").

20. The obligations ("Debt") to each defendant were scheduled in the Bankruptcy and Defendants, the Creditors, received notice of the Bankruptcy.

21. On or about January 23, 2015, Plaintiff received a Bankruptcy discharge.

22. None of the Defendants filed any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

23. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any *personal* liability for any of the underlying Debts.

24. Accordingly, the Debt to each defendant was discharged through the Bankruptcy.

25. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for any of the Defendants to report any post-Bankruptcy derogatory collection information.

26. Defendants' attempt to collect upon their respective Debt by reporting post-Bankruptcy derogatory information was therefore false or inaccurate and prohibited by the automatic stay or Discharge.

27. Plaintiff subsequently learned that each of the named Defendants reported post-Bankruptcy derogatory credit information regarding the obligations on Plaintiff's credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

### Synchrony Bank Misreported Credit Information

28. In an Experian credit report dated May 6, 2015, Synchrony reported the following inaccurate, derogatory information:

    - Account No. 706159103444****: Post-bankruptcy information for the following dates: December 2014 (60 days past due).

29. Synchrony should not have reported derogatory information on Plaintiff's account after October 16, 2014, because Plaintiff filed for Bankruptcy on October 16, 2014.

30. On or about May 29, 2015, Plaintiff disputed Synchrony's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Synchrony.

31. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

    - This account was discharged in my Bankruptcy which was filed on 10/16/2014 and discharged 01/23/2015, bearing case No. 2:14-bk-15638-EPB in the District for Arizona. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, please remove the derogatory

information for the following post-bankruptcy dates: December 2014 (60 days past due).

32. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/16/2014, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

33. Upon information and belief, Experian timely notified Synchrony of Plaintiff's dispute, but Synchrony continued reporting derogatory information.

34. Synchrony and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

35. On or about July 7, 2015, Plaintiff received notification from Experian that Synchrony and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified they had updated the account.

36. Surprisingly, rather than remove all the derogatory information from Plaintiff's Report, Synchrony and Experian simply replaced derogatory information with new derogatory information on Plaintiff's report. Specifically, Synchrony and Experian reported the following inaccurate, derogatory information:

- Account #706159103444****: Post-bankruptcy information for the following dates: November 2014 (Account 30 days past due); December 2014 (Charge Off).

37. Synchrony and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

38. Synchrony and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

39. Due to Synchrony and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

40. Plaintiff's continued efforts to correct Synchrony and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Synchrony and Experian were fruitless.

41. Synchrony and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

42. Synchrony and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

43. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Synchrony and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## TD Bank Misreported Credit Information

44. In an Experian credit report dated May 6, 2015, TD Bank reported the following inaccurate, derogatory information:

    - Account #435237759503****: Post-bankruptcy information for the following dates: February 2015-March 2015 (Showing Account Balance of $5,282.00).

45. TD Bank should not have reported derogatory information, including balances on Plaintiff's account after January 23, 2015, because Plaintiff's Bankruptcy was discharged on January 23, 2015.

46. On or about May 29, 2015, Plaintiff disputed TD Bank's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by TD Bank.

47. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed as follows:

- This account was discharged in my Bankruptcy which was filed on 10/16/2014 and discharged 01/23/2015, bearing case No. 2:14-bk-15638-EPB in the District for Arizona. The balance on this account should be "$0" and the status should be reporting as "current". Specifically, please remove the derogatory information for the following post-bankruptcy dates: January 2015-March 2015 (Showing Account Balance of $5,282.00).

48. The Experian Dispute Letter further requested that Experian:

- Immediately delete this account and the disputed derogatory information from [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/16/2014, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from [Plaintiff's] report.

- If [Experian] do[es] not immediately delete this from [Plaintiff's] credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

49. Upon information and belief, Experian timely notified TD Bank of Plaintiff's dispute, but TD Bank continued reporting derogatory information.

50. TD Bank and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

51. On or about July 7, 2015, Plaintiff received notification from Experian that TD Bank and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants stated the account was "updated."

52. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, TD Bank and Experian simply left derogatory information on Plaintiff's report. Specifically, TD Bank and Experian reported the following inaccurate, derogatory information:

- Account #435237759503****Post-bankruptcy information for the following dates: February 2015-March 2015 (Showing Account Balance of $5,282.00).

53. TD Bank and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

54. TD Bank and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

55. Due to TD Bank and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

56. Plaintiff's continued efforts to correct TD Bank and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with TD Bank and Experian were fruitless.
57. TD Bank and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.
58. TD Bank and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.
59. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, TD Bank and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
61. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
62. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

63. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 21, 2015                         Respectfully submitted,

                                               BY: /S/ RYAN L. MCBRIDE_____
                                                   RYAN L. MCBRIDE, ESQ.
                                                   ATTORNEY FOR PLAINTIFF